LOOP *v.* DesAUTELL.

1. GIFTS—DELIVERY.
   Delivery is essential to the validity of a gift, either *inter vivos* or *causa mortis.*

2. SAME—MERE EXPRESSIONS OF INTENTION.
   Mere expressions of intention by a donor, unaccompanied by requisite steps to effect a legal transfer, are insufficient to create a valid gift.

3. TRUSTS—GIFTS—INTENT—CONSUMMATION.
   If a gift·was intended, but not validly consummated, it should not be perfected on the theory that a trust was created.

4. GIFTS—CAUSA MORTIS—DELIVERY—EVIDENCE.
   In suit to declare that quitclaim deed of vendor's interest in property together with an assignment of the land contract were gifts *causa mortis,* evidence did not indicate a delivery where it showed that grantor retained possession of, and received payments on, the land contract after execution of the instruments for upwards of four years until her death, shortly prior to which they were forwarded to executor of grantor's estate by party with whom grantor was then staying with a letter indicating grantor was not then rational and had not been for several days and that papers were forwarded without grantor's knowledge or instructions; hence there was no gift *causa mortis.*

5. SAME—PHYSICAL DELIVERY BY THIRD PERSON—INTENT.
   A physical delivery by a third party of the subject matter of a gift, under circumstances indicating that the action was taken without knowledge of, or instructions from, alleged donor, cannot complete a gift, although it is clear that a gift to the donee, the donor's sister, had been intended.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 7, 1940. (Docket No. 34, Calendar No. 41,146.) Decided September 6, 1940.

Imperfect gift as a declaration of trust, see 1 Restatement, Trusts, § 31, comment a.

Bill by Georgia A. Loop against Fred DesAutell and Tunis Johnson, executors of the estate of Emma R. Wood, deceased, to secure the delivery of a quit-claim deed and assignment, for an accounting and other relief. From decree rendered, defendant Des-Autell appeals. Reversed.

*Echlin & Lendzion,* for plaintiff.

*Earl Lovejoy (Benjamin W. Grant,* of counsel), for defendant.

CHANDLER, J. Plaintiff is a sister of Emma R. Wood, deceased, and defendants are executors of the last will and testament of said deceased.

On December 13, 1932, the deceased was the owner of certain real estate which had been sold to one O'Donnell on a land contract. On the date mentioned, she went to the office of her attorney, Mr. Lovejoy, and directed him to prepare a will for her and the necessary instruments to effect a transfer of her interest in the real estate and contract mentioned above. In accordance with her request, a will was drawn and executed, together with a quit-claim deed of the said real estate and an assignment of the contract, plaintiff herein being named as grantee and assignee, respectively, in said deed and assignment. Deceased retained said instruments in her possession thereafter until shortly prior to her death on February 28, 1937, when they came into the possession of appellant, as will be subsequently explained.

At the time of the execution of the instruments, deceased was 77 years of age, and it appears she was in fairly good health and was active in attending to her own affairs.

She continued to receive payments of principal and interest on the land contract until her death, and on several occasions stated to Mr. O'Donnell,

the vendee, that she wanted plaintiff to have the property. On January 1, 1934, she executed the following indorsement on the contract:

"This is to certify I will accept $50 or more on monthly payments on this land contract for six months, due the 17th of each month.

Mrs. E. R. Wood

"In case of my death, sister must accept interest and whatever Mr. O'Donnell can pay.

Mrs. E. R. Wood."

For many years prior to her death, it had been Mrs. Wood's custom to spend the winters in Florida. In January, 1937, she made her last trip, and it appears that at the time of her departure she was frail and in a declining state of health. She completed her journey and resided in Florida with a Mr. and Mrs. Scott until her decease.

On February 26, 1937, appellant received a letter from Mrs. Scott wherein she stated that Mrs. Wood was gradually growing worse, that she was sleeping most of the time and seemed rational only at intervals, and that she would not live long. Accompanying this letter was a letter from Mr. Scott, deceased's will, and the quitclaim deed and assignment of land contract executed in 1932 as heretofore mentioned. Mr. Scott's letter stated in part:

"We are inclosing Aunt Emma's will which we found among her papers. Do not know if there is a later one or not as she evidently planned some changes as indicated by the pencil alterations. * * *

"We are also inclosing a quitclaim deed of the Grand River Avenue property which she executed to Mrs. Loop about five years ago. None of her people knew about this and she has advised my wife that she did not want them to know about it. We are therefore putting this matter in your hands to do as your best judgment dictates.

"Aunt Emma has not been at all rational for several days and we could only do what we thought was best which we hope will meet with your approval."

The instruments inclosed with this letter were taken by appellant to the office of Mr. Lovejoy, as well as the land contract and other papers which were discovered by him in a trunk in deceased's home in Detroit during a search he made after being notified of the death. The papers discovered in the trunk were wrapped in a paper bearing the instruction that they were to be delivered to plaintiff. The record does not disclose for a certainty who wrote the instructions on the paper.

Plaintiff subsequently demanded delivery of the deed, contract, and assignment, and upon being unable to obtain them filed this bill of complaint, praying for an accounting, surrender of the instruments, and that the court decree that a gift *causa mortis* had been made by deceased to her. Defendants, as executors of deceased's will, filed an answer and cross bill, praying that the court enter a decree quieting title to the property in the estate. The trial court entered a decree in favor of plaintiff, and defendant DesAutell has appealed.

Counsel for plaintiff in his opening statement said: "It is our contention that the assignment of land contract executed in the office of Earl Lovejoy on February (December) 13, 1932, was a gift *donatio mortis causa*."

It is a well-settled principle that delivery is essential to the validity of a gift, either *inter vivos* or *causa mortis*. *In re Van Wormer's Estate*, 255 Mich. 399. Among the questions raised in this case is whether or not a delivery sufficient to effect a valid gift of the contract occurred.

Plaintiff, to sustain her claim of gift, cites *Ellis* v. *Secor,* 31 Mich. 185 (18 Am. Rep. 178). This case, however, appears to sustain a transfer of the property involved on a trust theory, rather than on the theory that a gift *causa mortis* was consummated. It is so treated by many annotations, including 63 A. L. R. 537, 557. Analyzing the facts, we do not believe that plaintiff's claim can be sustained on either theory.

At the outset, it should be borne in mind that deceased intended that plaintiff should have the property in question. However, mere expressions of such intentions, unaccompanied by the requisite steps to effect a legal transfer, are insufficient.

When the quitclaim deed and assignment were executed in 1932, it is clear that no gift resulted at that time as there was no delivery. It is further apparent, to us at least, that it was not deceased's then intention to make herself trustee of the property for plaintiff. She continued to collect and retain for her own benefit all payments made upon the contract until the time of her death and never intended that plaintiff should receive anything therefrom until her death, which occurred more than four years thereafter. We believe it to have been her intent to transfer the property to plaintiff by way of gift, to become effective at her death. This conclusion rules out consideration of a trust, because if a gift was intended, but not validly consummated, it should not be perfected on the theory that a trust was created.

Turning to the issue as to whether a gift was completed, the decision thereof must necessarily be controlled by the question as to whether or not there was delivery. The only suggestion of delivery arises by reason of the receipt by appellant of the quitclaim deed and assignment under the circumstances hereinbefore related. It is our opinion that there was

no delivery by deceased to appellant with the intent to make a gift to plaintiff. It is apparent from the accompanying letter of Mr. Scott that at the time the instruments were mailed by him to appellant, deceased was irrational and had been in this condition for several days. Referring to the will he says, "Do not know if there is a later one or not as she evidently planned some changes as indicated by the pencil alterations," and in reference to the deed and assignment, "We are therefore putting this matter in your hands to do as your best judgment dictates. Aunt Emma has not been at all rational for several days and we could only do what we thought was best which we hope will meet with your approval."

We believe that the only reasonable inference to be drawn from the letter and its contents is that at the time of mailing thereof decedent was irrational and had been for some time; that the documents were in her possession in Florida and that Mr. Scott, without her knowledge and without instructions from her at the time, mailed them to appellant. A physical delivery by a third party under such circumstances cannot complete a gift.

A motion by appellee to dismiss the appeal was denied, without prejudice, on February 14, 1940. It has again been renewed and after consideration thereof we find the points raised to be without merit. The motion is denied.

The decree entered in the trial court is vacated, and one may be entered dismissing plaintiff's bill of complaint and quieting title to the property in question in the estate of Emma R. Wood, deceased. Appellant shall recover costs.

BUSHNELL, C. J., and SHARPE, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.