MOLENDA v. SIMONSON.

1. GIFTS—ELEMENTS.
   Three elements necessary to constitute a valid gift are that the
   donor must possess the intent to pass title gratuitously to the
   donee, make an actual or constructive delivery, and the donee
   must accept it, although such acceptance will be presumed if
   the gift be beneficial to the donee.

2. SAME—EVIDENCE—ADMISSIONS.
   Evidence of declarations and admissions of the donor are not
   sufficient to establish a gift but are only admissible as cor-
   roborative of other testimony.

3. SAME—DELIVERY.
   To insure against fraud and perjury, the requirement of actual
   delivery, or its equivalent if the chattel be not capable of ac-
   tual delivery, is the only substantial protection courts can
   afford the estate of a decedent who is claimed to have given
   a farm and the personalty thereon to the alleged donee.

4. SAME—PLEADING—INTENT—DELIVERY.
   An amended bill of complaint seeking to establish the gift of
   personalty on farm which donor, now deceased, had deeded to
   plaintiff's ward failed to state a cause for equitable relief
   where although there was a clear allegation of the donor's in-
   tention to make a gift, the only delivery alleged was an oral
   delivery.

Appeal from Sanilac; Boomhower (Xenophon A.),
J. Submitted October 6, 1943. (Docket No. 29,
Calendar No. 42,292.) Decided November 29, 1943.

Bill by Cecilia Molenda, guardian of estate of
Chester Molenda, against Fred A. Simonson, admin-
istrator of the estate of Stanley Gil, deceased, to

establish a gift of personal property. Decree for defendant. Plaintiff appeals. Affirmed.

*Sempliner, Dewey, Stanton & Honigman* (*Paterson & Paterson*, of counsel), for plaintiff.

*Charles W. Rigney*, for defendant.

Bushnell, J. This is an appeal from a decree dismissing plaintiff's amended bill of complaint on the ground that it does not state a cause for equitable relief.

Plaintiff, Cecilia Molenda, is a sister and guardian of Chester Molenda, a minor. According to the allegations of the amended bill, one Stanley Gil, lately deceased, who had for many years resided in the home of the parents of plaintiff and her ward, because of his fondness for Chester, expressed on many occasions his intention to give him his farm and all of the livestock, machinery, and equipment thereon. Plaintiff charged that, on or about January 14, 1942, while Gil was in ill health, after consulting with an attorney, he had a warranty deed prepared, executed, and delivered, whereby the title to the farm was conveyed to Chester; and that he also intended that the deed should contain a gift of the livestock, machinery, and equipment to Chester. The deed in which Gil reserved the right to the full use and occupation of said premises for the term of his natural life was recorded on February 13, 1942, and is silent as to the personal property.

Delivery of the personal property is alleged in the amended bill as follows:

"7. That after the execution of said deed, as aforesaid, and upon said decedent's return to said farm along with plaintiff's ward, said decedent Stanley Gil, pointed out and also made oral delivery

of the entire farm, its livestock, machinery and equipment, to plaintiff's ward, and at the same time made reference to their value, utility and good condition, and stated that he would so maintain them until his death.

"8. That shortly after said date of January 14, 1942, a mutual friend of the decedent and plaintiff's ward called the attention of the decedent to the fact that there might be a doubt about the efficacy of said deed, to effectuate the avowed purpose of the decedent to transfer the title to all of the personal property on said farm, including the livestock, machinery and equipment, to plaintiff's ward. That immediately upon being so advised of said doubt said decedent proclaimed that he was sure that the execution and delivery of the aforesaid deed to plaintiff's ward accomplished the transfer of the title of the livestock, machinery and other personal property on the farm, as well as the title to the land to plaintiff's ward, but said decedent, however, in his anxiety to obviate any possibility of his not having transferred legal title of the livestock, machinery and other personal property on the said farm to plaintiff's ward, immediately started out to reach an attorney, for the purpose of executing such other written instruments as might be required to effectuate his expressed intentions. Said decedent was stricken fatally before being able to reach an attorney, and between that time and the time of his death, a short time thereafter, was unable to proceed with the execution of any further written instruments."

Three elements are necessary to constitute a valid gift. The donor must possess the intent to gratuitously pass title to the donee. *Chamberlain* v. *Eddy,* 154 Mich. 593, 603, and *Geisel* v. *Burg,* 283 Mich. 73, 80. An actual or constructive delivery is essential to effectuate a gift either *inter vivos* or

*causa mortis. In re Van Wormer's Estate,* 255 Mich. 399. In order for the gift to be consummated, the donee must accept it, although a gift beneficial to the donee will be presumed to have been accepted. *Holmes* v. *McDonald,* 119 Mich. 563 (75 Am. St. Rep. 430).

Defendant, Fred A. Simonson, administrator of the estate of Stanley Gil, deceased, contends that the second of these elements necessary to constitute a gift was not satisfied by an "oral delivery" of the personalty on the deceased's farm as alleged in plaintiff's amended bill of complaint.

Chief Justice Harlan F. Stone, before his appointment to the court, writing on this subject in 20 Columbia Law Review, p. 196, said the following:

"It is frequently stated in judicial opinions that in order to effect a gift of a chattel there must be a delivery of the chattel by the donor to the donee or to some third person for the donee. The genesis of this statement goes back to Bracton, who asserted that no gift of a chattel was completed without tradition of the subject of the gift. It received modern sanction in the leading case of *Irons* v. *Smallpiece* (2 B. & Ald. 551 [106 Eng. Rep. 467]), in which it was held that an oral gift of a colt by a father to the son, the colt remaining on the premises of the father until his death, was not effective to transfer ownership of the colt. In affirming the judgment which denied the son's ownership, Chief Justice Abbott said: ' * * * by the law of England, in order to transfer property by gift there must either be a deed or instrument of gift, or there must be an actual delivery of the thing to the donee.' The doctrine of *Irons* v. *Smallpiece* was doubted in several later English cases, but it was reaffirmed in *Cochrane* v. *Moore* (25 Q. B. Div. 57, 1890, 59 L. J. Q. B. 377, 63 L. T. 153, 38 W. R. 588), and its authority has been generally accepted in the United States. * * *

''The emphasis placed on delivery in effecting the transfer of a chattel by gift is directly traceable to the notion in early law, of seisin as an element in the ownership of chattels as well as of land. To transfer ownership by a gift it was necessary to vest the donee was seisin. But if this were accomplished by any of the various devices known to the law and there was the intention to make a donation, the gift became complete. This doctrine has survived to us in the modern law of possession of chattels and in the rule affirmed by *Irons* v. *Smallpiece* and *Cochrane* v. *Moore,* that transmutation of possession from the donor to the donee is necessary in order to effectuate the gift. While the origin of the doctrine is thus accounted for on historical grounds, its perpetuation has been due to the reluctance of courts to sanction the transfer of ownership of chattels, when the transferee pays no consideration for the chattel, without more cogent evidence of the transaction than mere proof of an intention to make a gift.''

Plaintiff contends·that, because Gil did all he could to create a gift, ''positive and unequivocal evidence is not essential to prove delivery,'' and that the claimed donor's obvious and expressed intention should not be defeated, citing as authority therefor, *Ellis* v. *Secor,* 31 Mich. 185 (18 Am. Rep. 178). However, as stated in *Loop* v. *DesAutell,* 294 Mich. 527, the case of *Ellis* v. *Secor,* ''appears to sustain a transfer of the property involved on a trust theory, rather than on the theory that a gift *causa mortis* was consummated. It is so treated by many annotations, including 63 A. L. R. 537, 557.''

*Harris* v. *Hopkins,* 43 Mich. 272 (38 Am. Rep. 180), comes nearer to the situation presented in the instant case. In the *Harris Case* the court held there was sufficient evidence of a gift of furniture by a mother to her sons where she had stated positively that she had given the property to them and it was

also shown that one of the sons remained in her home until her death. But in *Campbell* v. *Sech,* 155 Mich. 634, in holding there was no gift, the court said:

"Evidence of declarations and admissions of the donor are not sufficient to establish a gift. They are only admissible as corroborative of other testimony."

In *Clay* v. *Layton,* 134 Mich. 317, the claimed donor did all he could to express a present intention to make a gift, but the court held that a gift could only become effective by delivery, saying:

"We are reluctantly driven to the conclusion that we cannot give effect to the deceased's manifest desire, a desire so well established, and so apparently well grounded and just, as to merit our approbation; but we fear that the trite saying that 'hard cases make bad law' would be applicable should we sustain the complainant's contention. To do so would be to override established rules and principles essential to the protection of the rights of heirs."

It must be remembered that gifts are often questioned after death has sealed the lips of the donor and that there is no legal limit to the amount which may be disposed of by means of them. Thus, to insure against fraud and perjury, the requirement of actual delivery, or its equivalent if the chattel be not capable of actual delivery, is the only substantial protection, and courts should not weaken the necessary element of delivery by permitting the substitution of convenient and easily proven devices.

Plaintiff's amended bill of complaint does not allege a sufficient delivery to constitute a valid gift. There is a clear allegation of the donor's intention to make a gift, but the lack of delivery is fatal.

The decree of the trial court is affirmed, with costs to appellee.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.