DAVIDSON v BUGBEE

Docket No. 198372. Submitted October 8, 1997, at Lansing. Decided December 30, 1997, at 9:15 A.M.

Laura J. Davidson brought a claim and delivery action in the Eaton Circuit Court against Charles A. Bugbee. At a bench trial, the plaintiff contended that Leslie Davidson had transferred the farm equipment at issue to her by bill of sale before he died. The defendant contended that Leslie Davidson had made an oral gift of the equipment to him before the plaintiff's alleged bill of sale was executed. The court, Thomas S. Eveland, J., entered a judgment in favor of the defendant. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in admitting, under the hearsay exception for statements against interest, the defendant's testimony relating what Leslie Davidson had told the defendant in giving the equipment to him. The statement was contrary to Leslie Davidson's proprietary interest in the equipment. Corroborating evidence is not a requirement for the admission of hearsay under the exception for statements against proprietary interest. MRE 804(b)(3).

2. The trial court did not clearly err in finding that Leslie Davidson had made a valid oral gift of the equipment to the defendant. There was evidence of Leslie Davidson's intent to transfer title to the equipment gratuitously to the defendant, actual delivery of the equipment, and acceptance of the gift. The trial court also did not err in finding that the purported bill of sale to the plaintiff was not valid in light of the prior gift to the defendant.

3. The trial court did not clearly err in determining that the plaintiff did not bring her action within the six-year period of limitation set by MCL 600.5813; MSA 27A.5813. The cause of action accrued more than six years before the plaintiff's action when the defendant sold some of the equipment, which would have constituted conversion if the plaintiff was the rightful owner.

Affirmed.

1. EVIDENCE — HEARSAY — STATEMENTS AGAINST INTEREST.

    Admission of a statement against proprietary interest as an exception to the hearsay rule does not require corroborating evidence indicating the trustworthiness of the statement (MRE 804[b][3]).

2. GIFTS — ELEMENTS.

    A valid gift requires an intent by the donor to transfer title gratuitously to the donee, actual or constructive delivery, unless already in the possession of the donee, and acceptance by the donee; acceptance is presumed if the gift is beneficial to the donee.

3. LIMITATION OF ACTIONS — CONVERSION — ACCRUAL OF CAUSE OF ACTION.

    A cause of action for conversion accrues when dominion is wrongfully asserted over another's personal property.

*Willard L. Mikesell*, for the plaintiff.

*Fried, Watson & Bugbee, P.C.* (by *David M. Fried* and *Louis D. Bugbee*), for the defendant.

Before: JANSEN, P.J., and DOCTOROFF and GAGE, JJ.

DOCTOROFF, J. Plaintiff appeals as of right from a judgment entered in favor of defendant after a bench trial. We affirm.

On July 12, 1983, Leslie Davidson transferred real property located on Battle Creek Road in Charlotte, Michigan, by quitclaim deed to defendant and himself as joint tenants with full rights of survivorship. Defendant testified that, at the same time, Davidson orally gifted farm equipment to him. On November 23, 1984, Davidson married plaintiff. On October 7, 1985, Davidson executed a bill of sale that purported to transfer to plaintiff the same farm equipment previously gifted to defendant. On July 23, 1993, Davidson conveyed his interest in the Battle Creek Road property by quitclaim deed to defendant as sole owner. Davidson died in January 1995. In February 1995, plaintiff made a demand for the farm equipment, which defendant did not answer. On October 12, 1995,

plaintiff brought this action for claim and delivery of the farm equipment.

On appeal, plaintiff first argues that the trial court abused its discretion in admitting defendant's testimony regarding a statement made by Davidson. Defendant testified that, at the time Davidson transferred the real property to himself and defendant, Davidson said "the personal property is yours with no strings attached. You may update, you may repair, you may trade, you can do as you see fit." Plaintiff objected to the testimony on the ground that Davidson's statement was hearsay and not within an exception. The trial court admitted the statement as a statement against interest under MRE 804(b)(3).

This Court reviews a trial court's decision to admit or exclude evidence for an abuse of discretion. *Sackett v Atyeo*, 217 Mich App 676, 683; 552 NW2d 536 (1996). An error in the admission of evidence is not a ground for vacating, modifying, or otherwise disturbing a judgment unless refusal to do so would be inconsistent with substantial justice. *Id.* Under MRE 804(b)(3), hearsay evidence is admissible if the declarant is unavailable, and the statement is

> [a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

In the present case, the declarant, Davidson, had died in January 1995 and was therefore unavailable. MRE 804(a)(4); *Sackett, supra* at 684. Furthermore, Davidson's statement was contrary to his proprietary inter-

est because it was against his ownership interest in the farm equipment, and a reasonable person in Davidson's position would not have made the statement unless he believed it to be true. *Id.* Therefore, the trial court did not abuse its discretion in admitting the statement under MRE 804(b)(3).

Plaintiff argues that this Court should find as a matter of policy that a hearsay statement by a donor concerning an oral gift should not be admitted unless other direct evidence corroborates the testimony. Plaintiff makes an analogy to the requirement that "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." MRE 804(b)(3). In construing a statute or a court rule, omissions in the language are deemed to be intentional. *Johnson v Marks*, 224 Mich App 356, 358; 568 NW2d 689 (1997). By enacting MRE 804(b)(3), the Supreme Court specifically provided that statements against criminal interests that are offered to exculpate the accused must be supported by corroborating evidence. The Court did not apply any such restriction on the admission of statements against proprietary interests in a civil case, regardless of the circumstances under which the statement was made. Therefore, plaintiff's argument has no merit.

Plaintiff next argues that the trial court's findings of fact were against the great weight of the evidence, because the written bill of sale that purported to transfer the farm equipment from Davidson to plaintiff should have been given greater weight than defendant's testimony regarding the oral gift. We disagree.

A trial court's findings of fact will not be set aside unless they are clearly erroneous. MCR 2.613(C). A finding is clearly erroneous if this Court is left with a definite and firm conviction that a mistake has been made. *Berry v State Farm Mut Automobile Ins Co*, 219 Mich App 340, 345; 556 NW2d 207 (1996).

If the gift of the equipment by Davidson to defendant was valid, then Davidson had no interest in the property to convey to plaintiff by the bill of sale. In order for a gift to be valid, three elements must be satisfied: (1) the donor must possess the intent to transfer title gratuitously to the donee, (2) there must be actual or constructive delivery of the subject matter to the donee, unless it is already in the donee's possession, and (3) the donee must accept the gift. *Molenda v Simonson*, 307 Mich 139, 141-142; 11 NW2d 835 (1943); *Children of the Chippewa, Ottawa & Potawatomy Tribes v Univ of Michigan Regents*, 104 Mich App 482, 489; 305 NW2d 522 (1981). Acceptance is presumed if the gift is beneficial to the donee. *Osius v Dingell*, 375 Mich 605, 611; 134 NW2d 657 (1965).

In the present case, the trial court found defendant's testimony regarding the gift was credible and was evidence of Davidson's intent to transfer title gratuitously to defendant. The court found that the delivery element was met because the property was in defendant's possession. The court also found, on the basis of defendant's testimony, that he accepted the gift. On review of the record, we find that the court's findings were not clearly erroneous. Because Davidson transferred his interest in the property to defendant in 1985, the subsequent bill of sale to plaintiff was not valid.

Plaintiff next argues that the trial court erred in holding that the statutory period of limitation had expired with regard to plaintiff's claim. The question of the governing date of accrual of a cause of action for the purpose of the statute of limitations is a question of fact whose determination is reviewed on appeal for clear error. MCR 2.613(C); *Flynn v McLouth Steel Corp*, 55 Mich App 669, 675; 223 NW2d 297 (1974).

The period of limitation applicable to this action is six years from the date the cause of action accrued. MCL 600.5813; MSA 27A.5813. A cause of action accrues when all the elements of the claim have occurred and can be alleged in a proper complaint. *Lumley v Univ of Michigan Bd of Regents*, 215 Mich App 125, 130; 544 NW2d 692 (1996). A cause of action for conversion accrues when dominion is wrongfully asserted over another's personal property. *Miller v Green*, 37 Mich App 132, 138; 194 NW2d 491 (1971).

Defendant contends that plaintiff's cause of action accrued in 1985, when he retained possession of the farm equipment after plaintiff received the bill of sale to the property. Plaintiff argues that the limitation period did not begin to run until there had been a wrongful retention of the property by defendant. She contends that defendant's use of the equipment was permissive until she made a demand for the property in May 1995. Plaintiff argues that because defendant's retention of the property was not wrongful until he refused plaintiff's demand, no conversion had occurred until that time. However, the record indicates that defendant also disposed of some of the equipment in 1988, and there is no indication that

plaintiff had permitted him to do so. Therefore, even if defendant's initial use of the equipment was permissive, his subsequent sale of the equipment without plaintiff's permission was wrongful. On this record, the trial court's finding that plaintiff's cause of action accrued no later than 1988 was not clearly erroneous. Because she did not bring this action until 1995, more than six years later, her claim is barred.

Affirmed.

GAGE, J. I concur in the result only.