ESTES v IDEA ENGINEERING & FABRICATING, INC

Docket No. 211845. Submitted October 12, 2000, at Detroit. Decided April 10, 2001, at 9:05 A.M. Vacated in part by order entered May 8, 2001. 245 Mich App 801.

Larry L. and Janice A. Estes and another brought an action in the Wayne Circuit Court against Idea Engineering & Fabricating, Inc., a closely held corporation, Joseph R. Dunville, and others, seeking damages and equitable relief as a result of transactions regarding stock in Idea owned by the plaintiffs and other actions of the defendants. The plaintiffs alleged in count I that Idea had improperly denied them the right as shareholders to inspect Idea's books and records pursuant to MCL 450.1487. Count II alleged violations of MCL 450.1404, MCL 450.1489, and MCL 450.1541a. Count III alleged breach of contract. Count IV alleged breach of fiduciary duty. Count V alleged fraud. The plaintiffs moved for summary disposition. The defendants moved for summary disposition, asserting that counts I, II, IV, and V were barred by the two-year period of limitation in § 541a and count III failed to state a claim, was barred by laches, and involved an agreement that could be amended by oral agreement. The plaintiffs sought to amend their complaint to rename the count V fraud count to common-law fraud, add count VI for a declaratory judgment, add count VII alleging violation of MCL 440.8315, add count VIII alleging continuing violations of § 489, add count IX alleging breach of common-law fiduciary duty, and add count XI alleging conversion. The court, Kathleen Macdonald, J., relying in part on *Baks v Moroun*, 227 Mich App 472 (1998), denied the plaintiffs' motions for summary disposition and to amend their complaint and granted the defendants' motion for summary disposition, finding all the plaintiffs' claims barred by the statute of limitations set forth in § 541a and that amendment of the complaint would be futile. The Esteses appealed.

The Court of Appeals *held*:

1. The court did not clearly err in determining the proper accrual date.

2. The court erred in dismissing count III. That breach of contract claim was filed well within the six-year limitation period for breach of contract actions in MCL 600.5807(8). That part of the court's

order must be reversed and the matter must be remanded. On remand, the court must first determine if the contract for the purchase of the plaintiffs' shares is modifiable by an oral agreement. If it is modifiable, the court must determine both if it was modified and damages. If it is not modifiable, the court must determine only the amount of damages.

3. If the plaintiffs prevail on count III, they would have had the rights alleged in count I. Therefore, the court erred in dismissing count I.

4. The plaintiffs failed to state a claim on which relief can be granted regarding count V. The dismissal of count V must be affirmed.

5. The dismissal of count IV was proper.

6. The continuing-wrongful-acts doctrine is established by continual tortious acts, not by continual harmful effects from an original, completed act. The claims of the plaintiffs did not survive pursuant to the doctrine.

7. The holding in *Baks*, that actions against corporate officers or directors under either § 489 or § 541a are subject to the two-year limitation period set forth in subsection 541a(4) and that neither § 489 nor § 541a state a cause of action, compels a finding that the trial court did not err in dismissing the plaintiffs' claims in count II on the basis of the two-year period of limitation in subsection 541a(4). Were it not bound by the *Baks* decision, this panel of the Court of Appeals would reverse the trial court's grant of summary disposition regarding count II and find that both § 489 and § 541a create a cause of action and that, while actions under § 541a are governed by the two-year period of limitation in subsection 541a(4), actions under § 489 are governed by the "catch all" six-year period of limitation in MCL 600.5813. Were it not for *Baks*, this panel would find that count II states a cause of action under § 489 governed by the six-year period of limitation.

8. The trial court erred in finding count III and, depending on its resolution, count I were not filed within the period of limitation and therefore barred by laches. But for *Baks*, this panel would also find that the allegation of a violation of § 489 is not barred by laches.

9. The defendants clearly violated the duty to timely give notice of a shareholder meeting as required by MCL 450.1404. The defense of laches is not available with regard to this violation under the facts of this case.

10. The court, pursuant to *Baks*, did not err in dismissing counts II, IV, VIII, and IX. The court abused its discretion in finding that the

plaintiffs' motion to amend or add counts I, III, VI, and XI would have been futile.

11. The court abused its discretion in denying leave to add count VII; the issue was not moot.

Affirmed in part, reversed in part, and remanded.

1. LIMITATION OF ACTIONS — CONTINUING WRONGFUL ACTS — TORTS.

The continuing-wrongful-acts doctrine is established by continual tortious acts, not by continual harmful effects from an original, completed act.

2. ACTIONS — DEFENSES — LACHES.

The doctrine of laches is concerned with the effect of delay and is established when there is both a passage of time resulting in prejudice to the defendant and a lack of due diligence by the plaintiff.

*Calligaro & Meyering, P.C.* (by *Clinton Meyering* and *Herbert E. Pritzker*), and *Raymond & Prokop, P.C.* (by *Michael M. Jacob*), for Larry L. and Janice A. Estes.

*Barris, Sott, Denn & Driker, P.L.L.C.* (by *Eugene Driker* and *Eric S. Rosenthal*), for the defendants.

Before: NEFF, P.J., and TALBOT and J. B. SULLIVAN[*], JJ.

PER CURIAM. Plaintiffs Larry Estes and Janice Estes appeal as of right the order denying their motions for summary disposition and for leave to file an amended complaint and granting defendants' motion for summary disposition on the basis of the statute of limitations. We affirm in part, reverse in part, and remand. Were we not bound by the decision in *Baks v Moroun*, 227 Mich App 472; 576 NW2d 413 (1998), we would additionally reverse the trial court's grant of

---

[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

summary disposition on count II of plaintiffs' complaint. MCR 7.215(H).

Plaintiffs owned 42,000 shares of stock in defendant Idea Engineering & Fabricating, Inc. (Idea), a closely held corporation. The stock had been acquired by Larry Estes during his employment with Idea pursuant to Idea's "1983 Employee Stock Purchase Plan" and various written stock purchase agreements, the last of which, executed on December 12, 1988, was for 10,000 shares at $5.44 a share. The purchase agreement provided that the stock could not be sold, transferred, or disposed of for three years after the date of purchase, that Idea could redeem the stock within that three-year restricted period if the purchaser's employment was terminated or if the purchaser attempted to sell, transfer, or dispose of the stock before the end of the three-year period, and that, after the three-year restricted period, Idea was obligated to redeem the purchaser's shares if the purchaser requested the redemption in writing. The agreement was silent with regard to Idea's right to redeem the stock following the expiration of the three-year restricted period.

Larry Estes left Idea in May 1992, some five months after the restricted period had expired on his last stock purchase. In a letter dated October 26, 1993, Idea informed plaintiffs that their shares had no value and were being redeemed.[1] Plaintiffs immediately

---

[1] In an affidavit dated November 12, 1993, Idea's founder, chief executive officer, and majority shareholder, defendant Joseph Dunville, stated, "on or about November 5, *1992*, ('Redemption Date') [Idea] notified the Former Employee of its election to exercise its rights of redemption . . . ." [emphasis added]. However, there is nothing in the record to substantiate that date. Further, defendants argued both before the trial court and on appeal that the material facts were undisputed and that the first notifica-

retained counsel and disputed both the company's right to redeem the stock[2] and its zero valuation. In the fall of 1995, plaintiffs learned that Dunville had sold one hundred percent of the shares, and on March 6, 1996, plaintiffs filed a five-count complaint.

In count I, entitled "Right to Inspect Corporate Books," plaintiffs alleged that Idea had improperly denied them their right as shareholders to inspect Idea's books and records pursuant to MCL 450.1487, and sought equitable relief in the form of an order compelling Idea, by its president, defendant Tony Fortin, to permit that inspection. In count II, entitled "Violation of MCL 450.1489; Oppressive Acts," plaintiffs alleged that Idea and the individual defendants engaged in unfair and illegal acts by refusing to provide notice of shareholder meetings, including the October 29, 1993, meeting wherein plaintiffs' stock shares were canceled, in violation of MCL 450.1404 (which requires written notice "not less than 10" days before the date of the meeting), and by attempting to defraud plaintiffs of their stock by exercising a nonexistent right to redeem the stock, which defendants claimed had no value notwithstanding that Idea had a net income for the year ending October 31, 1993, in excess of $5 million and "greatly improving" prospects for future earnings. Plaintiffs further alleged

---

tion to plaintiffs of Idea's intention to redeem their shares was the October 26, 1993, letter from defendants' counsel advising plaintiffs that their shares had no value and, if they did not tender their shares, Idea would cancel the shares effective November 1, 1993.

[2] During his June 17, 1997, deposition, Dunville testified that, as of that date, other than himself, there was one other shareholder, Karen Stankevich, who also had received a letter in 1993 advising her that her shares had been redeemed. However, she had not yet executed a written agreement and therefore, according to Dunville, was still a shareholder in the company.

that, in 1995, defendant Dunville, representing that he owned one hundred percent of the shares of Idea, sold the shares and, along with those shares, control of Idea,[3] for his personal benefit in violation of MCL 450.1489 (hereinafter § 489, which by its terms is limited to closely held corporations) and MCL 450.1541a (hereinafter § 541a). In addition to damages, plaintiffs sought equitable relief including an order canceling the redemption of their shares, appointing a receiver, and placing all payments to Dunville for the sale of his shares into an escrow account during the pendency of the action.

In count III, entitled "Breach of Contract," plaintiffs alleged that, by exercising a nonexistent right of redemption and canceling plaintiffs' stock on its records, thereby depriving plaintiffs of the economic rights of their stock ownership, Idea breached the written stock purchase agreements. Count IV, entitled "Breach of Fiduciary Duty," alleged that the three individual defendants breached their fiduciary duty to act in the best interest of the company. Count V, entitled "Fraud," alleged that Idea and Dunville engaged in fraud by misrepresenting that the stock was redeemable for no value and thereby depriving plaintiffs of their stock shares for the personal benefit of Dunville. Plaintiffs sought damages with regard to counts III, IV, and V. In answer to plaintiffs' complaint, defendants asserted that plaintiffs "agreed . . . to modify the terms of any of the subscription and purchase agreements between them and Idea so as to permit redemption of the stock upon the termination

---

[3] That sale was subsequently rescinded approximately one year after the filing of plaintiffs' complaint.

of employment at any time," and "had . . . agreed that such stock would be redeemable by the company upon the termination of their employment."

On May 12, 1997, plaintiffs filed a motion for summary disposition[4] claiming that any unwritten agreement was invalid under the statute of frauds, MCL 440.8319, and that parol evidence was not admissible to modify the terms of the written subscription agreement. Plaintiffs also filed the affidavit of Larry Estes, in which he denied ever having agreed to any modification of the subscription agreements. In response, defendants moved for summary disposition pursuant to MCR 2.116(C)(7), asserting that counts I, II, IV, and V were barred by § 541a's two-year period of limitation. With regard to count III, defendants asserted that, because the subscription agreement did not address Idea's right to redeem the shares after the three-year restricted period, plaintiffs had failed to state a claim for breach of contract. Defendants further claimed that the agreement could be amended by oral agreement. Finally, defendants claimed that plaintiffs' claims were barred by laches.

Plaintiffs moved to amend their complaint as follows: rename their count V fraud count to common-law fraud (alleging their loss to be in excess of $3.4 million); add count VI for a declaratory judgment (that the cancellation of their shares was void pursuant to the statute of frauds and was without legally suffi-

---

[4] Shortly after plaintiffs filed their complaint, the case was stayed for approximately nine months to protect the Fifth Amendment rights of defendant Dunville, who was under federal indictment for laundering drug money during the years 1991-93 through both Idea and through another company he owned. On May 19, 1997, which was approximately ten months before the trial court's opinion and order, on the basis of stipulated facts, Dunville pleaded guilty to the charges.

cient consideration); add count VII for wrongful transfer of securities in violation of MCL 440.8315; add count VIII for continued violations of § 489 (specifically, continuing failure to give notice of shareholder meetings or access to books and records, misrepresenting that the stock had no value, illegally using Idea to launder drug money, and Dunville's wrongful sale of one hundred percent of Idea's shares for his own personal benefit); add count IX for breach of common-law fiduciary duty; and add a count (labeled count XI) for conversion. The trial court made various rulings from the bench, some of which are supported only by unsigned orders, but ultimately issued an opinion and order denying plaintiffs' motions for summary disposition and to file an amended complaint, and granting defendants' motion for summary disposition on the basis of the statute of limitations. Relying in part on the then newly issued opinion in *Baks*, *supra*, the court found that all plaintiffs' claims were barred by the statute of limitations set forth in § 541a and dismissed plaintiffs' motion to amend as futile.

Plaintiffs contend that the trial court erred in concluding that their claims were barred by the statute of limitations, MCR 2.116(C)(7), and urge this panel to adopt Judge HOEKSTRA's dissenting opinion in *Baks*, *supra*. We review the statute of limitations issue de novo on appeal. *Gibson v Neelis*, 227 Mich App 187, 189; 575 NW2d 313 (1997). However, the question of the governing date of accrual of a cause of action is a question of fact that we review for clear error. *Davidson v Bugbee*, 227 Mich App 264, 269; 575 NW2d 574 (1997). In this case, the parties do not dispute that defendants' letter of October 26, 1993, not only announced Idea's intent to cancel plaintiffs' shares

effective November 1, 1993, but also announced that the shares had no value. Hence, plaintiffs knew or should have known that they had a possible cause of action at that time. MCL 600.5827 ("the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results"); *Moll v Abbott Laboratories*, 444 Mich 1, 23-24; 506 NW2d 816 (1993) ("We find that the best balance is struck in the use of the 'possible cause of action' standard."). The trial court did not clearly err in determining the proper accrual date. *Davidson*, *supra*.

In determining the appropriate statute of limitations, we begin with plaintiffs' claim of breach of contract (count III) because, reduced to its essence, plaintiffs in this lawsuit are alleging that defendants breached the subscription agreement by illegally redeeming their shares, to which defendants are responding that the subscription agreement was modified by an oral agreement unilaterally permitting them to redeem those shares even after the restricted period. We find that the trial court erred in dismissing plaintiffs' breach of contract claim because it was filed well within the six-year limitation period for breach of contract actions. MCL 600.5807(8). On remand, the trial court shall first determine whether the contract for the purchase of plaintiffs' shares is modifiable by an oral agreement. If the court determines that the contract is modifiable by an oral agreement, then the issues for trial are (1) whether it was modified, an issue which the parties hotly dispute, and (2) damages. If, on the other hand, the trial court determines that the contract for the purchase of plaintiffs' shares is not modifiable by oral agreement,

then only the issue of damages goes to trial. If plaintiffs prevail on the breach of contract claim, they would maintain their status as shareholders, and would have a right to inspect the company's books and records as alleged in count I. MCL 450.1487. Therefore the trial court also erred in dismissing count I.[5]

The trial court dismissed count V, which alleged fraud, on the basis of the statute of limitations. However, in that count, plaintiffs failed to allege the necessary elements of an action for fraud, in particular the element of reliance by the plaintiffs on an alleged misrepresentation by the defendants, and therefore failed to state a claim on which relief could be granted. *Eerdmans v Maki*, 226 Mich App 360, 366; 573 NW2d 329 (1997); MCR 2.116(C)(8). Indeed, plaintiffs resolutely refused to rely on defendants' alleged misrepresentation that the stocks were redeemable at any time by Idea and had no value. Where the trial court reaches the right result, albeit for the wrong reason, this Court will not reverse. *Zimmerman v Owens*, 221 Mich App 259, 264; 561 NW2d 475 (1997).

The trial court also dismissed count IV, plaintiffs' claim for common-law breach of fiduciary duty, on the basis of the statute of limitations. Arguably, count IV is either nothing more than a restatement of the breach of contract claim because it seeks personal economic damages for plaintiffs for the alleged illegal redemption of plaintiff's shares or it alleges a viola-

---

[5] During oral argument in this Court, defense counsel conceded that the trial court erred in dismissing count I. However, a party's concession or admission concerning a question of law or the legal effect of a statute as opposed to a statement of fact is not binding on the court. *Dettore v Brighton Twp*, 91 Mich App 526, 534; 284 NW2d 148 (1979), vacated and remanded on other grounds 408 Mich 957 (1980).

tion of the duties imposed by § 541a, albeit without referencing that statutory section, in which case it was properly dismissed pursuant to *Baks, supra,* which held that § 541a actions must be filed within two years after the plaintiff discovers or should have discovered the cause of action. *Baks, supra* at 484-485. In any event, the dismissal of count IV was proper. *Zimmerman, supra.*

Plaintiffs argue that their claims survive pursuant to the continuing-wrongful-acts doctrine. In its opinion, the trial court noted that plaintiffs had alleged that their action was ongoing, based on defendants' continued refusal to permit inspection of defendants' books and records. However, we agree with defendants that the continuing-wrongful-acts doctrine is established by "continual tortious *acts,* not by continual harmful effects from an original, completed act," in this case the October 1993 alleged wrongful redemption of plaintiffs' shares. *Horvath v Delida,* 213 Mich App 620, 626-627; 540 NW2d 760 (1995) (emphasis in the original).

We now must determine whether the trial court erred in dismissing plaintiffs' claims in count II (which alleged violations primarily of § 489 but also referenced § 541a) on the basis of the two-year period of limitation found in subsection 541a(4).[6] Plaintiffs argue:

> [T]o the extent that the illegal, fraudulent or willfully unfair and oppressive acts of a director or officer go beyond a mere breach of the fiduciary duties imposed by MCL 450.1541a, the statute of limitations found in MCL 600.5813, [sic] MSA 27A.5813 should apply. To the extent

---

[6] Subsection 541a(4) is set forth later in this opinion.

> that *Baks* holds otherwise, Plaintiffs [sic] respectfully disagree with the majority opinion in *Baks* and urge the acceptance of the dissenting opinion of Judge HOEKSTRA.

We agree. But for *Baks,*[7] *supra,* which we believe was wrongly decided, we would find that, while violations of § 541a are indeed governed by the two-year period of limitation found therein, violations of § 489 are not, and that therefore the trial court erred in dismissing that portion of count II of plaintiffs' complaint that alleged a violation of § 489. *Baks* found that actions against corporate officers or directors under either § 489 or § 541a are subject to the two-year limitation period set forth in subsection 541a(4). *Baks, supra* at 484. However, *Baks* also found that neither § 489 nor § 541a stated a cause of action. *Baks, supra* at 485 ("plaintiffs' arguments fail because they assume erroneously that § 489 creates a cause of action separate and distinct from the cause of action created by § 541a, *when neither section creates a cause of action at all*" [emphasis added]). To the contrary, dissenting Judge HOEKSTRA found, *Baks, supra* at 500, and we agree, that both sections create a cause of action and that, while actions under § 541a are governed by the shorter limitation period in subsection 541a(4), actions under § 489 are governed by the six-year period of limitation found in MCL 600.5813, the residual or "catch all" section. See, *Baks, supra* at 481.

---

[7] We note that leave to appeal in *Baks* was denied, "there being no majority of the Court in favor of granting leave to appeal." 459 Mich 986 (1999). Reconsideration was also denied, but Justices KELLY and CAVANAGH would grant reconsideration and, on reconsideration, grant leave to appeal. *Id.*

MCL 450.1103, part of Michigan's Business Corporation Act (MBCA), MCL 450.1101 *et seq.*, states in pertinent part that the act "shall be liberally construed . . . (c) [t]o give special recognition to the legitimate needs of close corporations." Chapter 4 of the act, MCL 450.1401 *et seq.*, is entitled "Shareholders," and includes, inter alia, sections on shareholder meetings, voting, and information available to shareholders. Chapter 4 provides for actions by shareholders in close corporations against "directors or those in control" for acts that are illegal or wilfully unfair or oppressive to the corporation "or to the shareholder" (§ 489), and provides for derivative actions, which are defined as actions brought "in the right of" a corporation by a shareholder who "fairly and adequately represents the interests of the corporation in enforcing the right of the corporation." MCL 450.1491a(a), 450.1492a(b). Chapter 5 of the act, MCL 450.1501 *et seq.*, on the other hand, is entitled "Directors and Officers," and includes sections on terms, elections, committees, and powers and duties of directors and officers. For ease of reference, §§ 489 and 541a are set forth later in this opinion.

In chapter 4, MCL 450.1489 provides for shareholder actions against directors or "those in control," and relief for actions that are illegal or wilfully unfair and oppressive to the corporation "or to the shareholder" as follows:

> (1) A shareholder may bring an action in the circuit court of the county in which the principal place of business or registered office of the corporation is located to establish that the acts of the directors or those in control of the corporation are illegal, fraudulent, or willfully unfair and oppressive to the corporation or to the shareholder. If the

shareholder establishes grounds for relief, the circuit court may make an order or grant relief as it considers appropriate, including, without limitation, an order providing for any of the following:

(a) The dissolution and liquidation of the assets and business of the corporation.

(b) The cancellation or alteration of a provision contained in the articles of incorporation, an amendment of the articles of incorporation, or the bylaws of the corporation.

(c) The cancellation, alteration, or injunction against a resolution or other act of the corporation.

(d) The direction or prohibition of an act of the corporation or of shareholders, directors, officers, or other persons party to the action.

(e) The purchase at fair value of the shares of a shareholder, either by the corporation or by the officers, directors, or other shareholders responsible for the wrongful acts.

(f) Award of damages to the corporation or a shareholder.

(2) No action under this section shall be brought by a shareholder whose shares are listed on a national securities exchange or regularly traded in a market maintained by 1 or more members of a national or affiliated securities association.

We note that § 489, unlike § 541a, does not contain its own statute of limitations, lending support to the conclusion that the Legislature intended the "catch-all" six-year limitation period to apply to § 489 actions. *Baks, supra* at 481.

In chapter 5, on the other hand, MCL 450.1541a provides for actions against directors or officers as follows:

(1) A director or officer shall discharge his or her duties as a director or officer including his or her duties as a member of a committee in the following manner:

(a) In good faith.

(b) With the care an ordinarily prudent person in a like position would exercise under similar circumstances.

(c) In a manner he or she reasonably believes to be in the best interests of the corporation.

(2) In discharging his or her duties, a director or officer is entitled to rely on information, opinions, reports, or statements, including financial statements and other financial data, if prepared or presented by any of the following:

[(a)-(c) other officers, directors or employees of the corporation; legal counsel, public accountants or engineers; or a committee of the board].

(3) A director or officer is not entitled to rely on the information set forth in subsection (2) if he or she has knowledge concerning the matter in question that makes reliance otherwise permitted by subsection (2) unwarranted.

(4) An action against a director or officer for failure to perform the duties imposed by *this* section shall be commenced within 3 years after the cause of action has accrued, or within 2 years after the time when the cause of action is discovered or should reasonably have been discovered, by the complainant, whichever occurs first. [Emphasis added.]

In *Baks, supra* at 479, 485, the majority held that § 489 did not state a cause of action. However, for the reasons set forth in Judge HOEKSTRA's vigorous and well-reasoned dissent, we would find that § 489 does state a cause of action. As our Supreme Court has instructed, "when reviewing questions of statutory construction, our purpose is to discern and give effect to the Legislature's intent. We begin by examining the *plain language* of the statute." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 159; 615 NW2d 702 (2000) (emphasis added; citation omitted). The plain language of subsection 489(1) states, "[a] shareholder *may bring an action*," and then, if the shareholder

"establishes grounds for relief," provides for various kinds of relief including, but not limited to, damages and dissolution. Moreover, subsection 489(4) specifically excludes actions by shareholders of shares "listed on a national securities exchange or regularly traded . . . ."

In our view, the plain language of the section states a cause of action by shareholders of closely held corporations against directors or *those in control* for various relief including damages to the corporation *or to the shareholder*. This view is also supported by commentators James C. Bruno and Brett D. Pynnonen:

> Two of the major concepts of *Baks* have been the subject of discussion and criticism. First *Baks* held that MBCA § 489 does not recognize a separate cause of action . . . .
>
> This holding . . . was a surprise to many corporate practitioners. Various programs for lawyers on [shareholder] minority rights and the MBCA have included presentations which assumed MBCA § 489 was a separate cause of action. In addition, MBCA § 541(a) [sic] does not, by its terms, apply to shareholders, but MBCA § 489 does.[8]

Commentators Cyril Moscow and Norman C. Ankers expressed a stronger view:

> *Baks* also held—incorrectly, we believe, for reasons discussed in this article—that section 489 does not create a substantive cause of action . . . .
>
> *    *    *
>
> The majority in *Baks* held that the statute of limitations in section 541a(4) applied to section 489 claims. The rea-

---

[8] Bruno & Pynnonen, *Current status of oppression and other minority rights under MBCA § 489 and other theories*, 78 Mich B J 1408, 1410 (1999).

soning of the majority is questionable in several areas. Most importantly, the history of section 489 demonstrates that it evolved from the dissolution section as a remedy for abuse by persons in control of corporations. The standard of conduct stated in section 489, willfully unfair and oppressive, was introduced to the Act in section 825 [the predecessor of § 489] with the purpose clearly stated: "The purpose of the provision is to provide a remedy for oppressive acts of majority shareholders or directors."

It follows that section 489 creates a statutory cause of action, even though there were common law remedies that might have covered some of the same wrongful acts.

The *Baks* decision confuses the application of the statute of limitations. As the dissent states, section 491a [sic 541a] covers only directors and officers, while section 489 also covers persons "in control" of the corporation, thereby weakening the analogy made by the majority to section 541a. *Baks* also held that section 541a(4) was a statute of repose rather than a statute of limitations, therefore, equitable tolling would not be available. This result differs from the conclusion of the U.S. District Court in *Resolution Trust v Rahn* [854 F Supp 480 (WD Mich, 1994)]. A *better reading of the statute would leave section 541a(4) to actions against directors and officers for failure to perform duties imposed by section 541a and apply the general statute of limitations to actions brought under section 489.*[9] [Emphasis added; footnotes omitted.]

The plain language of subsection 541a(4) limits its application to "[a]n action against a director or officer for failure to perform the duties imposed by *this* section shall be commenced . . . ." (emphasis added). To read that plain language as *not* stating a cause of action and then to apply its limitation period to actions other than actions pursuant to *"this"* section, in our view, violates the rule that we must begin with

---

[9] Moscow & Ankers, *Oppression of minority shareholders*, 77 Mich B J 1088, 1091-1094 (1998).

the plain language of the statute. *Nawrocki, supra.* It also violates the Legislature's intent to provide, on the one hand, for a separate cause of action by minority shareholders in a closely held corporation against "those in control" for oppressive acts against the corporation or its shareholders in § 489, and, on the other hand, to provide in § 541a for an action against officers and directors, which may be brought "in the right of" the corporation by shareholders who fairly and adequately represent "the interests of the corporation." Section 491a and subsection 492a(b).

In short, we would find that count II of plaintiffs' complaint, alleging wilful, illegal, and oppressive acts by "those in control" not only states a cause of action under § 489, but also that the cause of action therein is governed by the six-year limitation period of the "catch-all" provision. As noted, the plain language of subsection 541a(4) states that an "action against a director or officer for failure to perform the duties imposed by *this* section shall be commenced . . . ." This language does not support *Baks'* holding that the Legislature intended that the two-year period of limitation and the three-year statute of repose apply "to almost any conceivable litigation" brought by a shareholder against directors or those in control of a corporation,[10] which is the inevitable conclusion dictated in *Baks, supra.*

However, we are bound by *Baks, supra.* We therefore must conclude that the trial court did not err in dismissing count II of plaintiffs' complaint. Indeed, pursuant to *Baks,* because neither § 489 nor § 541a states a cause of action at all, the trial court correctly

---

[10] Nykanen, *Business associations*, 45 Wayne L R 419, 434 (1999).

dismissed count II for failure to state a claim on which relief could be granted. MCR 2.116(C)(8). Because the trial court reached the right result, albeit for the wrong reason, we will not reverse. *Zimmerman, supra.*

Plaintiffs next contend that the trial court erred in concluding that their claims were barred by the doctrine of laches. We disagree in part. We review the trial court's findings on this issue for clear error. *Gallagher v Keefe,* 232 Mich App 363, 369; 591 NW2d 297 (1998). Because count III and, depending on its resolution, count I of plaintiffs' complaint were filed within the statutory period of limitation, the trial court erred in finding that they were barred by laches. *Eberhard v Harper-Grace Hosps,* 179 Mich App 24, 37; 445 NW2d 469 (1989); *McRaild v Shepard Lincoln Mercury, Inc,* 141 Mich App 406, 411; 367 NW2d 404 (1985). But for *Baks, supra,* we would also find that the allegation of a violation of § 489 is not barred by laches. The trial court correctly noted that the doctrine of laches is concerned with the effect of delay and that laches is established when there is both a passage of time resulting in prejudice to the defendant and a lack of due diligence by the plaintiff. *Eberhard, supra* at 35, 38. The trial court found that defendants would be "severely" prejudiced by having to amend tax returns and financial statements, and by the fact that financial obligations had been extended and undertaken.

However, at a minimum, defendants clearly violated the duty to *timely* give notice, as required by MCL 450.1404, of the shareholder meeting on October 29, 1993, a time when even defendants do not dispute that plaintiffs were shareholders. Moreover, plaintiffs

immediately retained counsel and gave written notice that the alleged redemption was violative not only of the statute of frauds but also of the individual written agreements for the purchase of stock (and, by implication, the "1983 Employee Stock Purchase Plan" referenced therein), and shortly thereafter threatened litigation. Therefore, any change in the company's circumstances was undertaken with full knowledge of the dispute over plaintiffs' shareholder status, and any resulting prejudice to defendants was not the result of plaintiffs' delay in filing suit.

In any event, the defense of laches is not available where, as here, defendant Dunville pleaded guilty on the basis of stipulated facts and stands convicted of laundering significant amounts of drug money through both Idea and another corporation he owned, during the two years before the alleged redemption, at zero value, of plaintiffs' stock. *Mudge v Macomb Co*, 458 Mich 87, 109, n 23; 580 NW2d 845 (1998) (the "clean hands" maxim closes the door of equity to one tainted with unequitableness or bad faith relative to the matter for which he seeks relief).

Plaintiffs next assert that the trial court erred in denying their motion for partial summary disposition pursuant to MCR 2.116(C)(9) and (10) regarding two of defendants' affirmative defenses that alleged that the parties had an oral agreement authorizing the company to redeem plaintiffs' stock upon the termination of Larry Estes' employment. Although the trial court ruled from the bench that "any oral representation that this stock would be redeemed beyond the terms of this contract, absolutely [sic] statute of frauds . . . apply [sic] to this situation," it ultimately declined to rule on the merits, finding the issue to be

moot because the court had dismissed plaintiffs' complaint. Because the trial court did not reach the issue, it is not properly before us. *Bowers v Bowers*, 216 Mich App 491, 495; 549 NW2d 592 (1996). Accordingly, this issue is to be determined on remand. *D'Avanzo v Wise & Marsac, PC*, 223 Mich App 314, 326; 565 NW2d 915 (1997).

We note that the trial court's ruling from the bench is not an incorrect statement of the law. This Court has stated that, where an original agreement was required to be in writing under the statute of frauds, any subsequent modification must also be in writing or supported by separate consideration to be enforceable. *Zurcher v Herveat*, 238 Mich App 267, 299-300; 605 NW2d 329 (1999). We further note that, although MCL 440.8319 was repealed by 1998 PA 278, enacting § 1 effective July 27, 1998, and replaced with MCL 440.8113, which no longer requires a written contract for the sale of securities, a writing was required when this case was filed, argued, and decided.

Lastly, plaintiffs argue that the trial court abused its discretion in denying their motion for leave to amend their complaint. We agree in part. We review the trial court's ruling for an abuse of discretion. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). Leave to amend "shall be freely given when justice so requires." MCR 2.118(A)(2). .

We have already determined that, pursuant to *Baks*, *supra*, the trial court did not err in dismissing counts II and IV of plaintiffs' complaint. We also have determined that plaintiffs have failed to state a cause of action for fraud (count V). However, because counts I and III were not time-barred, the trial court abused its discretion in finding that plaintiffs' motion to amend

would have been futile. Specifically, because plaintiffs' proposed conversion claim (labeled count XI) was not predicated on either § 489 or § 541a, the trial court's ruling regarding those statutory sections did not affect the validity of a claim for conversion, and the trial court abused its discretion in finding that amendment to add a conversion claim would have been futile.

We also conclude that the trial court abused its discretion in finding that amendment to add a claim for declaratory judgment (count VI), MCR 2.605, would have been futile. Declaratory relief is available to a party when necessary to guide its future conduct in order to preserve its legal rights. *Lake Angelus v Oakland Co Rd Comm*, 194 Mich App 220, 223; 486 NW2d 64 (1992). It is used to good effect in Michigan in a wide range of cases such as the meaning and effect of a contract. 3 Dean & Longhofer, Michigan Court Rules Practice (4th ed), § 2605.1, p 359. Here, our direction to the trial court on remand is in the nature of a declaratory judgment to determine if the contract was modifiable by oral agreement. *Id.*

Finally, we conclude that plaintiffs have a possible cause of action in count VII for violation of MCL 440.8315 (wrongful transfer of securities). Although that statutory section was repealed by 1998 PA 278, and not replaced, it was in effect when this matter arose, when suit was filed, and when the trial court issued its opinion and order dismissing the case and denying plaintiffs' motion to amend. Therefore, the issue is not moot, and the trial court abused its discretion in denying leave to amend to add a count for wrongful transfer of securities. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117

(1998). On the other hand, the proposed amendment (count VIII) for continuing violations of § 489 did not cure the defect because, pursuant to *Baks, supra,* that statute does not create a cause of action. Similarly, the proposed amendment (count IX) for a breach of Dunville's common-law fiduciary duties was, pursuant to *Baks,* time-barred by the two-year limitation period of § 541a. *Baks, supra.*

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.