Saad, J.
 

 Pursuant to MCR 7.215(I)(1), this Court convened a special panel to resolve the conflict between
 
 Estes v Idea Engineering & Fabricating, Inc,
 
 245 Mich App 328; 631 NW2d 89 (2001), vacated in part 245 Mich App 801 (2001), and
 
 Baks v Moroun,
 
 227 Mich App 472; 576 NW2d 413 (1998).
 

 
 *272
 
 I. NATURE OF THE CASE
 

 This case presents the following issue for our review: Does MCL 450.1489 (hereinafter § 489) of the Michigan Business Corporation Act (mbca) create a cause of action and, if so, what is the applicable statute of limitations for a § 489 suit? Our Court in
 
 Baks
 
 held that § 489 does not create a cause of action, and borrowed the two-year period of limitation in MCL 450.1541a(4) (hereinafter § 541a).
 
 [1]
 
 Were it not for the precedential effect of
 
 Baks,
 

 [2]
 

 3our Court in
 
 Estes
 
 would have adopted the reasoning of Judge Hoekstra’s dissent in
 
 Baks
 
 and would have held that § 489 does create a statutory cause of action, with a residual six-year limitation period set forth in MCL 600.5813.
 
 [3]
 
 We agree with
 
 Estes
 
 and hold that § 489 does create a cause of action and, accordingly, that the residual six-year limitation period applies to this case.
 
 [4]
 

 rr. facts
 

 The following recitation of facts is taken directly from our Court’s opinion in
 
 Estes, swpra
 
 at 330-335:
 

 Plaintiffs Larry Estes and Janice Estes appeal as of right the order denying their motions for summary disposition
 
 *273
 
 and for leave to file an amended complaint and granting defendants’ motion for summary disposition on the basis of the statute of limitations. We affirm in part, reverse in part, and remand. Were we not bound by the decision in
 
 Baks v Moroun,
 
 227 Mich App 472; 576 NW2d 413 (1998), we would additionally reverse the trial court’s grant of summary disposition on count n of plaintiffs’ complaint. MCR 7.215(H).
 

 Plaintiffs owned 42,000 shares of stock in defendant Idea Engineering
 
 &
 
 Fabricating, Inc. (Idea), a closely held corporation. The stock had been acquired by Larry Estes during his employment with Idea pursuant to Idea’s “1983 Employee Stock Purchase Plan” and various written stock purchase agreements, the last of which, executed on December 12, 1988, was for 10,000 shares at $5.44 a share. The purchase agreement provided that the stock could not be sold, transferred, or disposed of for three years after the date of purchase, that Idea could redeem the stock within that three-year restricted period if the purchaser’s employment was terminated or if the purchaser attempted to sell, transfer, or dispose of the stock before the end of the three-year period, and that, after the three-year restricted period, Idea was obligated to redeem the purchaser’s shares if the purchaser requested the redemption in writing. The agreement was silent with regard to Idea’s right to redeem the stock following the expiration of the three-year restricted period.
 

 Larry Estes left Idea in May 1992, some five months after the restricted period had expired on his last stock purchase. In a letter dated October 26, 1993, Idea informed plaintiffs that their shares had no value and were being redeemed.1 Plaintiffs immediately retained counsel and disputed both the company’s right to redeem the stock2 and its zero valuation. In the fall of 1995, plaintiffs learned that Dunville had sold one hundred percent of the shares, and on March 6, 1996, plaintiffs filed a five-count complaint.
 

 In count i, entitled “Right to Inspect Corporate Books,” plaintiffs alleged that Idea had improperly denied them their right as shareholders to inspect Idea’s books and records pursuant to MCL 450.1487, and sought equitable
 
 *274
 
 relief in the form of an order compelling Idea, by its president, defendant Tony Fortin, to permit that inspection. In count H, entitled “Violation of MCL 450.1489; Oppressive Acts,” plaintiffs alleged that Idea and the individual defendants engaged in unfair and illegal acts by refusing to provide notice of shareholder meetings, including the October 29, 1993, meeting wherein plaintiffs’ stock shares were canceled, in violation of MCL 450.1404 (which requires written notice “not less than 10” days before the date of the meeting), and by attempting to defraud plaintiffs of their stock by exercising a nonexistent right to redeem the stock, which defendants claimed had no value notwithstanding that Idea had a net income for the year ending October 31, 1993, in excess of $5 million and “greatly improving” prospects for future earnings. Plaintiffs further alleged that, in 1995, defendant Dunville, representing that he owned one hundred percent of the shares of Idea, sold the shares and, along with those shares, control of Idea,3 for his personal benefit in violation of MCL 450.1489 (hereinafter § 489, which by its terms is limited to closely held corporations) and MCL 450.1541a (hereinafter § 541a). In addition to damages, plaintiffs sought equitable relief including an order canceling the redemption of their shares, appointing a receiver, and placing all payments to Dunville for the sale of his shares into an escrow account during the pendency of the action.
 

 In count m, entitled “Breach of Contract,” plaintiffs alleged that, by exercising a nonexistent right of redemption and canceling plaintiffs’ stock on its records,, thereby depriving plaintiffs of the economic rights of their stock ownership, Idea breached the written stock purchase agreements. Count iv, entitled “Breach of Fiduciary Duty,” alleged that the three individual defendants breached their fiduciary duty to act in the best interest of the company. Count v, entitled “Fraud,” alleged that Idea and Dunville engaged in fraud by misrepresenting that the stock was redeemable for no value and thereby depriving plaintiffs of their stock shares for the personal benefit of Dunville. Plaintiffs sought damages with regard to counts hi, iv, and v. In answer to plaintiffs’ complaint, defendants asserted that
 
 *275
 
 plaintiffs “agreed ... to modify the terms of any of the subscription and purchase agreements between them and Idea so as to permit redemption of the stock upon the termination of employment at any time,” and “had . . . agreed that such stock would be redeemable by the company upon the termination of then employment.”
 

 On May 12, 1997, plaintiffs filed a motion for summary disposition
 
 [4]
 
 claiming that any unwritten agreement was invalid under the statute of frauds, MCL 440.8319, and that parol evidence was not admissible to modify the terms of the written subscription agreement. Plaintiffs also filed the affidavit of Larry Estes, in which he denied ever having agreed to any modification of the subscription agreements. In response, defendants moved for summary disposition pursuant to MCR 2.116(C)(7), asserting that counts I, n, iv, and v were barred by § 541a’s two-year period of limitation. With regard to count m, defendants asserted that, because the subscription agreement did not address Idea’s right to redeem the shares after the three-year restricted period, plaintiffs had failed to state a claim for breach of contract. Defendants further claimed that the agreement could be amended by oral agreement. Finally, defendants claimed that plaintiffs’ claims were barred by laches.
 

 Plaintiffs moved to amend their complaint as follows: rename their count v fraud count to common-law fraud (alleging their loss to be in excess of $3.4 million); add count vi for a declaratory judgment (that the cancellation of their shares was void pursuant to the statute of frauds and was without legally sufficient consideration); add count vn for wrongful transfer of securities in violation of MCL 440.8315; add count vm for continued violations of § 489 (specifically, continuing failure to give notice of shareholder meetings or access to books and records, misrepresenting that the stock had no value, illegally using Idea to launder drug money, and Dunville’s wrongful sale of one hundred percent of Idea’s shares for his own personal benefit); add count ix for breach of common-law fiduciary duty; and add a count (labeled count xi) for conversion. The trial court made various rulings from the bench, some of which are supported only by unsigned orders, but ultimately
 
 *276
 
 issued an opinion and order denying plaintiffs’ motions for summary disposition and to file an amended complaint, and granting defendants’ motion for summary disposition on the basis of the statute of limitations. Relying in part on the then newly issued opinion in
 
 Bales, supra,
 
 the court found that all plaintiffs’ claims were barred by the statute of limitations set forth in § 541a and dismissed plaintiffs’ motion to amend as futile.
 

 
 *277
 
 We now turn to our analysis of the legal issue,
 

 ffl. ANALYSIS
 

 Because this is a case of statutory interpretation, we necessarily examine the words that the Legislature chose in crafting § 489 of the MBCA:
 

 (1) A shareholder may bring an action in the circuit court of the county in which the principal place of business or registered office of the corporation is located to establish that the acts of the directors or those in control of the corporation are illegal, fraudulent, or willfully unfair and oppressive to the corporation or to the shareholder. If the shareholder establishes grounds for relief, the circuit court may make an order or grant relief as it considers appropriate, including, without limitation, an order providing for any of the following:
 

 (a) The dissolution and liquidation of the assets and business of the corporation.
 

 (b) The cancellation or alteration of a provision contained in the articles of incorporation, an amendment of the articles of incorporation, or the bylaws of the corporation.
 

 (c) The cancellation, alteration, or injunction against a resolution or other act of the corporation.
 

 (d) The direction or prohibition of an act of the corporation or of shareholders, directors, officers, or other persons party to the action.
 

 (e) The purchase at fair value of the shares of a shareholder, either by the corporation or by the officers, directors, or other shareholders responsible for the wrongful acts.
 

 (f) Award of damages to the corporation or a shareholder.
 

 
 *278
 
 (2) No action under this section shall be brought by a shareholder whose shares are listed on a national securities exchange or regularly traded in a market maintained by 1 or more members of a national or affiliated securities association.
 

 It is the judgment of this Court that § 489 is quite clear in its mandate: § 489 creates a statutory cause of action along with flexible discretionary remedies to shareholders of closely held corporations. Moreover, it is clear that this statutory cause of action for “oppression” in favor of minority shareholders who are abused by “controlling” persons, is a direct cause of action, not derivative, and though similar to a common-law shareholder equitable action, provides a separate, independent, and statutory basis for a cause of action. We come to this conclusion on the basis of the plain reading of the statute. Moreover, we note as the majority in
 
 Estes
 
 does, that MCL 450.1103 of the mbca states, in pertinent part, that the act “ ‘shall be liberally construed . . . (c) [t]o give special recognition to the legitimate needs of close corporations.’ ”
 
 [5]
 

 Our Court’s majority opinion in
 
 Bales,
 
 which we reject, found that § 541a of the mbca also did not create a cause of action, but the
 
 Bales
 
 majority found § 541a’s two-year period of limitation to be applicable to the plaintiffs’ claim in count n under § 489. Because the statutory language of § 489 is clear, we need not review legislative history to determine “legislative intent.”
 
 [6]
 
 However, we believe that the dissent in
 
 Bales
 
 properly analyzed the differences between § 541a and § 489, and properly concluded that § 489
 
 *279
 
 creates a separate cause of action. Accordingly, we quote Judge Hoekstra’s dissent at length and adopt its language and reasoning as our own,
 
 Baks, supra
 
 at 501-506:
 

 The majority states that § 489 does not by its terms create a new cause of action. The majority posits that § 489 merely grants shareholders in a closely held corporation standing to bring a derivative action when a director breaches the duty of care described in § 541a and that § 489 sets forth the jurisdiction and venue in which to bring suit. In my view, § 489 creates a new cause of action. Where reasonable minds can differ with regard to the meaning of a statute, judicial construction is appropriate.
 
 Heinz v Chicago Rd Investment Co,
 
 216 Mich App 289, 295; 549 NW2d 47 (1996).
 

 If the majority’s view is correct, then the Legislature could have merely referenced the standard of care established in § 541a for directors of publicly held corporations. Instead, the Legislature provided a different standard of care in § 489. The omission of a provision in one part of a statute that is included in another part should be construed as intentional,
 
 Farrington v Total Petroleum, Inc,
 
 442 Mich 201, 210; 501 NW2d 76 (1993), and seeming inconsistencies should be reconciled if possible,
 
 Gross v General Motors Corp,
 
 448 Mich 147, 164; 528 NW2d 707 (1995). To maintain a suit pursuant to § 489, a plaintiff must show misconduct that is “illegal, fraudulent, or willfully unfair and oppressive.” In contrast, to maintain a suit pursuant to § 541a(1), a plaintiff must show conduct that did not conform to three requirements, including that a director act in “good faith,” “[w]ith the care [of] an ordinarily prudent person,” and in the “best interests of the corporation.” These differences belie the majority’s conclusion that the holding in
 
 Detroit
 
 Foundries
 
 [7]
 
 fixes § 541a as providing the definitive standard of care and thereby § 541a(4) as providing the definitive period of limitation for actions involving either a
 
 *280
 
 closely held, or a publicly held corporation. Indeed, another section of the act, which specifically references the standard of care described in § 541a(l), nonetheless supplies its own limitation period. See MCL 450.1551; MSA 21.200(551) (establishing a three-year limitation period in § 554, MCL 450.1554; MSA 21.200[544], for suits arising from certain corporate actions).
 

 Moreover, if the majority’s view is correct, then the jurisdiction and venue provisions in § 489(1) would merely supplement implicit references to jurisdiction and venue in the act, MCL 450.1514; MSA 21.200(514), MCL 450.1773; MSA 21.200(773), MCL 450.1851; MSA 21.200(851), and more explicit references elsewhere, MCL 600.711; MSA 27A.711, MCL 600.715; MSA 27A.715. In construing a statute, this Court should presume that every word has some meaning and should avoid any construction that would render a statute, or any part of it, surplusage or nugatory.
 
 Altman v Meridian Twp,
 
 439 Mich 623, 635; 487 NW2d 155 (1992). As far as possible, effect should be given to every phrase, clause, and word.
 
 Gebhardt v O’Rourke,
 
 444 Mich 535, 542; 510 NW2d 900 (1994). The inclusion of the jurisdiction and venue provisions in § 489(1) indicates to me that the Legislature was establishing a new and separate cause of action for shareholders in closely held corporations.
 

 I am additionally persuaded that the unique characteristics of a suit brought pursuant to § 489 compel this construction. This Court is required to look at the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute.
 
 People v Adair,
 
 452 Mich 473, 479-480; 550 NW2d 505 (1996). In general, a closely held corporation differs from a publicly held corporation in two ways. See Henn & Alexander, Corporations (3d ed), § 257, p 696; 1 O’Neal’s Close Corporations (3d ed), §§ 1.02, 1.08, pp 4-7, 31-34.
 
 The most obvious difference is that a shareholder who may pursue a suit under § 489 is unable to escape an oppressive situation by dispensing with shares of ownership in the public arena.
 
 MCL 450.1489(2); MSA 21.200(489)(2). Instead, the shareholder seeking relief is required to seek a judicial dissolution of the closely held
 
 *281
 
 corporation or another remedy within the statute. MCL 450.1489(l)(a)-(f); MSA 21.200(489)(l)(a)-(f).
 

 A second obvious difference is that the shareholders of a closely held corporation participate in the management of the corporation, whereas the management of a publicly held corporation represents the shareholders. One tool of a dissatisfied shareholder in a publicly held corporation is the ability to bring a lawsuit against a director. In this regard, our Supreme Court speculated in
 
 Detroit Foundries, supra
 
 at 217, that the legislative intent in establishing the statute of limitations in § 541a(4) may have been to ensure that persons qualified to be directors of Michigan corporations would step forward because their corporate conduct would not be challenged after two years following disclosure to interested parties, or within six years after the conduct occurred. Thus, the shorter statute of limitation period in MCL 450.1541a(4); MSA 21.200(541a)(4) curbs the number of suits brought for harassment purposes and protects directors of publicly held corporations from any languishing fear of such suits. Nonetheless, in those cases where a director commits misconduct, a shareholder has an appropriate amount of time to discover the facts of the single instance and seek relief pursuant to § 541a.
 

 In contrast, because the shareholders participate in the management of the corporation, the relationship among those in control of a closely held corporation requires a higher standard of fiduciary responsibility, a standard more akin to partnership law. Henn & Alexander, § 268; O’Neal’s, §§ 1.02, 1.08. The Legislature highlighted this special duty of care in the language of § 489(1) when it chose the words “illegal, fraudulent, or willfully unfair and oppressive” to describe the “acts” of the defendants. This language does not indicate that a shareholder would be successful on a suit based on one instance of misconduct; rather, a shareholder who would be likely to prevail under this statute is one who presented an ongoing pattern of oppressive misconduct.
 

 These two differences lead me to believe, first, that the Legislature intended to provide shareholders of closely held corporations special relief from ongoing oppression, and
 
 *282
 
 second, that the Legislature did not simultaneously intend for such relief to be available only to those shareholders who could satisfy the burden of proof within a short period. The six-year period of limitation in MCL 600.5813; MSA 27A.5813 provides a shareholder an appropriate amount of time to produce proof of a pattern of oppressive conduct and seek relief pursuant to § 489. Therefore, this limitations period best accomplishes the legislative purpose in enacting § 489.
 

 Not only are the purposes of a § 489 suit different from a § 541a suit, but many concrete differences between the two suits also exist. First, as already stated, suits brought pursuant to §§ 489 and 541a redress different injuries. A § 489 suit seeks to redress oppression that injures either the corporation or the shareholder, whereas a § 541a suit seeks to redress wrongs to the corporation. See, e.g.,
 
 Moore v Carney,
 
 84 Mich App 399, 407; 269 NW2d 614 (1978) (analyzing whether attorney fees may be awarded in a suit brought pursuant to the predecessor of § 489 because such fees are awarded only where the suit benefits the corporation). Second, a suit brought pursuant to § 489 is decided differently from a suit brought pursuant to § 541a, which is governed by the standard of conduct explained in
 
 Detroit Foundries, supra.
 
 Although Michigan courts have yet to consider what action constitutes “willfully unfair and oppressive conduct” in suits brought pursuant to § 489, several other states’ courts have applied an objective test based on the shareholder’s reasonable expectations. Bruno,
 
 “Reasonable Expectations"—A Primer on an Oppressive Standard,
 
 71 Mich B J 434 (1992). See, e.g.,
 
 In re Kemp & Beatley, Inc,
 
 64 NY2d 63, 73; 473 NE2d 1173 (1984).
 

 Third, §§ 489 and 541a suits involve different parties. The defendants in a § 489 suit may be either the directors or “those in control of the corporation,” whereas the defendants in a § 541a suit are only the directors or officers who have breached their fiduciary duty of care. Application of § 492a of the act, MCL 450.1492a; MSA 21.200(492a), to § 541a means that the plaintiffs in a § 541a suit may be either current or former shareholders, whereas the plaintiffs in a § 489 suit may only be current shareholders. Last,
 
 *283
 
 the parties in §§ 489 and 541a suits arrive in different procedural postures. The plaintiffs in a § 489 suit may represent themselves and other similarly situated shareholders and bring their suits as individual or direct actions. The plaintiffs in § 541a suits typically represent the corporation and bring their suits as derivative actions pursuant to § 492a.
 

 In summary, both the language of § 489 and the unique characteristics of § 489 suits compel me to dissent from the majority in this case. I do not believe that the Legislature intended for the statute of limitations governing a cause of action brought by shareholders of a publicly held corporation to also apply to a cause of action brought by shareholders of a closely held corporation. This Court has found that the six-year “catch-all” period of limitation of MCL 600.5813; MSA 27A.5813 applies when the right to recovery arises from a statute.
 
 Nat’l Sand, Inc v Nagel Constr, Inc,
 
 182 Mich App 327, 337, n 7; 451 NW2d 618 (1990). [Emphasis added.]
 

 We find that the foregoing analysis accurately states the law and the rationale supporting our decision. Also, we asked the Business Law Section of the State Bar of Michigan to provide this Court with an amicus curiae brief and we received and considered the brief filed by the Corporation Law Committee of the Business Law Section. We further note that the Corporation Law Committee participated in the legislative review and drafting of § 489 of the mbca and similarly participated in the 2001 recent amendments of § 489.
 
 [8]
 
 On the basis of an exhaustive historical review of § 489 and § 541a, the Corporation Law Committee’s amicus curiae brief fully endorses and agrees with Judge Hoekstra’s dissent in
 
 Bales.
 
 As
 
 *284
 
 noted in the Corporation Law Committee’s amicus curiae brief:
 

 Based on the history of section 489, its language and place in the statutory scheme, the fundamental assumption made in the
 
 Baks’
 
 decision is incorrect, as is its reference to a derivative action.
 
 Section 489 and its predecessor section 825 were added to the Michigan statutes to give a statutory cause of action to shareholders who are abused by controlling persons. The claim under section 489 is direct, not derivative. The statutory cause of action is, of course, similar to the common law shareholder equitable action for dissolution, but is independent of that traditionally limited and uncertain cause of action.
 
 [Emphasis added.]
 

 In further support of its opinion that, in passing § 489, the Legislature created a separate cause of action, the amicus curiae brief points out that the 2001 amendment of subsection 489(l)(f) uses the specific phrase “cause of action” twice referencing actions under § 489.
 
 [9]
 

 Again, we reiterate that the dissent in
 
 Baks
 
 and the history of §§ 489 and 541a demonstrate clearly that § 489 and § 541a have different standards, different parties, different purposes, and different relief provisions. Section 541a applies to all Michigan corpora
 
 *285
 
 tions; § 489 is available only to shareholders of Michigan corporations whose shares are not listed on national securities exchange and are not regularly traded in a market maintained by one or more members of a national or affiliated securities association. Section 489 provides a cause of action for illegal or wilfully unfair and oppressive conduct. This is a different standard of relief than the reasonable person standard set forth in § 541a. Further, as pointed out in the
 
 Baks
 
 dissent, the plaintiff in the § 489 case is a shareholder suing directly whereas a plaintiff in a § 541a action is a corporation suing for breach of a duty to the corporation or a shareholder suing derivatively on behalf of the corporation. Also, the remedy for a breach of a § 541a cause of action is mandatory whereas the remedy for oppressive conduct under § 489 is discretionary. Additionally, the remedy under § 541a is for the benefit of the corporation and the harm done to it whereas certain of the remedies contained in § 489 are specifically for the benefit of the shareholder, and may not necessarily benefit and could impose obligations on the corporation.
 

 Furthermore, as set forth in the
 
 Baks
 
 dissent, because § 489 creates a separate cause of action and does not contain its own statute of limitations,
 
 [10]
 
 the catch-all six-year period of limitation set forth in MCL 600.5813 applies.
 

 IV. CONCLUSION
 

 For the foregoing reasons, we hold that § 489 creates a separate and independent statutory cause of
 
 *286
 
 action and that the six-year period of limitation contained in the residual statute applies. MCL 600.5813. Accordingly, in this case, count n of plaintiffs’ complaint, which alleges wilful, illegal, and oppressive acts by “those in control,” states a cause of action under § 489 and is governed by the six-year limitation period of the catch-all provision. We therefore conclude that the trial court erred in dismissing count II of plaintiffs’ complaint and we reverse and remand with instructions to proceed in accordance with this opinion. We do not retain jurisdiction.
 

 Reversed in part and remanded.
 

 In an affidavit dated November 12, 1993, Idea’s founder, chief executive officer, and majority shareholder, defendant Joseph Dunville, stated, “.. . on or about November
 
 5,1992,
 
 (‘Redemption Date’) [Idea] notified the Former Employee of its election to exercise its rights of redemption . . . .” [emphasis added]. However, there is nothing in the record to substantiate that date. Further, defendants argued both before the trial court and on appeal that the material facts were undisputed and that the first notification to plaintiffs of Idea’s intention to redeem their shares was the October 26, 1993, letter from defendants’ counsel advising plaintiffs that their shares had no value and, if they did not tender their shares, Idea would cancel the shares effective November 1, 1993.
 

 During his June 17, 1997, deposition, Dunville testified that, as of that date, other than himself, there was one other shareholder, Karen Stankevich, who also had received a letter in 1993 advising her that her shares had been redeemed. However, she had not yet executed a written agreement and therefore, according to Dunville, was still a shareholder in the company.
 

 That sale was subsequently rescinded approximately one year after the filing of plaintiffs’ complaint.
 

 [1]
 

 Baks, supra
 
 at 484-485.
 

 [2]
 

 See MCR 7.215(I)(1).
 

 [3]
 

 Estes, supra
 
 at 339, 342-345.
 

 [4]
 

 Though not applicable to this appeal, we note that the Legislature, in 2001 PA 57, amended subsection 489(1)(f) in 2001 to provide:
 

 An award of damages to the corporation or a shareholder. An action seeking an award of damages must be commenced within 3 years after the cause of action under this section has accrued, or within 2 years after the shareholder discovers or reasonably should have discovered the cause of action under this section, whichever occurs first.
 

 [4]
 

 Shortly after plaintiffs filed their complaint, the case was stayed for approximately nine months to protect the Fifth Amendment rights of defendant Dunville, who was under federal indictment for laundering drug money during the years 1991-93 through both Idea and through another company he owned. On May 19, 1997, which was approximately ten months before the trial court’s opinion and order, on
 
 *277
 
 the basis of stipulated facts, Dunville pleaded guilty to the charges.
 

 [5]
 

 Estes, supra
 
 at 340.
 

 [6]
 

 Chmielewski v Xermac, Inc,
 
 457 Mich 593, 608; 580 NW2d 817 (1998).
 

 [7]
 

 7
 
 Detroit Gray Iron & Steel Foundries, Inc v Martin,
 
 362 Mich 205; 106 NW2d 793 (1961).
 

 [8]
 

 In addition to the amendment of subsection 489(l)(f) set forth in footnote 4,
 
 supra,
 
 in the same act the Legislature amended the statute to define “willfully unfair and oppressive conduct” under subsection 489(3).
 

 [9]
 

 See subsection 489(l)(f) set forth in footnote 4,
 
 supra.
 
 As the amicus curiae’s brief indicates:
 

 As a result of the 2001 Amendments, section 489 contains an express limitations period for
 
 damage
 
 claims under a cause of action under that section. In most cases, section 489 is intended to be used as a remedy for a continuing wrong, such as a “squeeze out” of a minority shareholder, where an injunction, mandatory buyout or other equitable type relief would apply. Where the claim is for money damages and the 2001 Amendments are not applicable, the residual six year statute of limitations is the proper statutory guide to limitations period. [Emphasis added.]
 

 [10]
 

 See the 2001 amendment of subsection 489(1)(f), 2001 PA 57.