# Order

Michigan Supreme Court
Lansing, Michigan

January 27, 2012

10/October 2011

142566

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

In re MAYS, Minors,

SC: 142566
COA: 297447
Wayne CC Family Division:
09-485821

_____/

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE the November 23, 2010 judgment of the Court of Appeals and the March 30, 2010 order of the Wayne Circuit Court terminating respondent father's parental rights, and REMAND this case to the Wayne Circuit Court, Family Division, for further proceedings not inconsistent with this order.

The trial court clearly erred in finding that respondent "failed to successfully complete and benefit from . . . parenting classes." To the contrary, respondent submitted his certificate of completion from his parenting classes to the trial court and the witness for the petitioner was satisfied that respondent completed that requirement. Moreover, several additional facts underpinning the statutory basis for termination were established on the basis of hearsay testimony. MCR 3.977(F)(1)(b) requires "legally admissible evidence" that the grounds for termination are established when the petitioner seeks to terminate parental rights "on the basis of one or more circumstances new or different from the offense that led the court to take jurisdiction," as petitioner acknowledges was the case with respect to respondent's termination proceeding. For these reasons, the trial court clearly erred in concluding that a statutory basis existed for termination of respondent's parental rights. Accordingly, we REVERSE that part of the Court of Appeals judgment holding that the trial court did not clearly err in finding that a statutory basis existed for termination of respondent's parental rights.

We also REVERSE that part of the Court of Appeals judgment holding that the trial court did not clearly err in finding that termination was in the children's best interests. MCL 712A.19b(5). The factual record in this case is inadequate to make a best interests determination. In particular, there is no evidence in the record that the trial court considered whether termination of the respondent's parental rights was appropriate given the children's placement with their maternal grandmother. *In re Mason*, 486 Mich 142, 164 (2010).

Because respondent's appeal in the Court of Appeals only questioned the trial court's findings that the statutory grounds for termination existed and that termination was in the best interests of the children, we do not reach respondent's claim before this

Court that the "one-parent doctrine," as articulated in *In re CR*, 250 Mich App 285 (2001), violates his "fundamental liberty interest . . . in the care, custody, and management of [his] child[ren]." *Santosky v Kramer*, 455 US 745, 753 (1982).[1]  For this reason, we also do not reach respondent's claim of error regarding the sufficiency of the permanency planning hearing, MCL 712A.19a.

We do not retain jurisdiction.

HATHAWAY, J., concurs in the result only.

MARILYN KELLY, J.

I strongly believe that in deciding this case the Court should have reached the issue of whether the "one parent doctrine" should be upheld.  The "one parent doctrine" derives from the 2002 Court of Appeals decision in *In re CR*.[2]  It allows the state to take jurisdiction over abused or neglected children on the basis of the actions of only one parent.

*In re CR* stated, "[O]nce the family court acquires jurisdiction over the children, MCR 5.973(A)[3] authorizes the family court to hold a dispositional hearing 'to determine measures to be taken . . . against any adult. . . .'"[4]  The Court further opined that "the

---

[1] The constitutionality of the "one parent doctrine" is obviously a jurisprudentially significant issue and one which this Court will undoubtedly soon be required to address given the widespread application of this doctrine.  Respondent's failure to preserve this challenge in the trial court or the Court of Appeals illustrates the need to raise this issue in a timely fashion.  See *In re Hatcher*, 443 Mich 426 (1993).  At any rate, respondent will have the continuing opportunity to raise this issue on remand.  MCL 712A.19; MCL 712A.21.

[2] *In re* CR, 250 Mich App 185, 202 (2002).

[3] MCR 5.973(A) is now MCR 3.973(A).  The *In re CR* Court noted, 250 Mich App at 202 n 35, that this rule has a statutory corollary in MCL 712A.6, which provides:

> The court has jurisdiction over adults as provided in this chapter and as provided in chapter 10A of the revised judicature act of 1961, 1961 PA 236, MCL 600.1060 to 600.1082, and may make orders affecting adults as in the opinion of the court are necessary for the physical, mental, or moral well-being of a particular juvenile or juveniles under its jurisdiction. However, those orders shall be incidental to the jurisdiction of the court over the juvenile or juveniles.

[4] *In re CR*, 250 Mich App at 202.

court rules simply do not place a burden on a petitioner . . . to file a petition and sustain the burden of proof at an adjudication with respect to every parent of the children involved in a protective proceeding before the family court can act in its dispositional capacity."[5]

The "one parent doctrine" was used in this case. Mays, the children's mother, left them home alone late into the night. Phillips, the children's father, did not live in the house or contribute to the neglect. Despite this, the trial court took jurisdiction over the children and placed both the mother and the father on a treatment plan. However, the state never determined that Phillips was an unfit parent, identified anything he did wrong, or stated what failures on his part the treatment plan was intended to fix. Nevertheless, when Phillips did not fully comply with the plan, the court terminated his parental rights.

There are many issues in this case. But the elephant in the room is whether the court should have ever taken jurisdiction over the children and proceeded to termination without having determined that Phillips was an unfit parent. *In re CR* is not on point because it is factually distinguishable. The father in that case voluntarily availed himself of the court's jurisdiction. Because the court had jurisdiction over him, *In re CR* never addressed the constitutionality of the "one parent doctrine."[6]

The validity of this doctrine is a jurisprudentially significant issue. In this case alone Phillips, the National Association of Counsel for Children, the Prosecuting Attorneys Association of Michigan, the Center for Individual Rights, the Legal Services Association of Michigan, the Michigan State Planning Body for the Delivery of Legal Services to the Poor, the American Civil Liberties Union Fund of Michigan, and the Family Law Section of the State Bar of Michigan have urged us to address it.

Because the issue of the constitutionality of the "one parent doctrine" is significant and central to this case, I believe the Court should not conclude the case without addressing it.

MARKMAN, J. (*dissenting*).

---

[5] *Id.* at 205.

[6] *Troxel v Granville*, 530 US 57, 68 (2000), recognized "a presumption that fit parents act in the best interests of their children." In Justice Thomas's concurring opinion, he explained that he agreed with the plurality that the Court had recognized a fundamental right of parents to direct the upbringing of their children. See *id*. at 80 (Thomas, J., concurring). *Santosky v Kramer*, 455 US 745, 752-754 & 754 n 7 (1982), held that the rights of minor children and parents are protected by the Due Process Clause of the Fourteenth Amendment.

I respectfully dissent from the orders reversing both the Court of Appeals' and the trial court's decisions to terminate respondents' parental rights and I would vacate this Court's March 23, 2011 orders, 489 Mich 857 (2011), and deny leave to appeal. I am persuaded that the proceedings here were fair and in accordance with the law, and that the trial court exercised reasonable judgment in concluding that grounds existed for termination, and that termination was in the "best interests" of the children.

Considerable efforts were undertaken to reunify respondents with their children, although these efforts clearly failed. Respondent Mays failed to successfully complete and benefit from counseling and parenting classes, and further failed to maintain legal employment. Respondent Phillips failed to successfully complete and benefit from counseling and further failed to maintain adequate shelter or legal employment. Additionally, Phillips testified that he has never expressed any desire for the children to come live with him and that the children were better off living with their grandmother. Two review hearings were then held, with Mays choosing not to attend either hearing and Phillips attending only one. Under these circumstances, I cannot say that the trial court "clearly erred" by finding that respondents have "fail[ed] to provide proper care or custody for the child[ren] and there is no reasonable expectation that [they] will be able to provide proper care and custody within a reasonable time . . . ." MCL 712A.19b(3)(g).

I also do not believe that the trial court "clearly erred" by concluding that termination of respondents' parental rights was in the children's "best interests" because "neither parent is prepared to have the children placed in their care and neither is engaged in preparing themselves to parent the children on a full time basis." The majority does not dispute this conclusion, but asserts that the record is "inadequate to make a best interests determination." Again, I respectfully disagree. There is no specific formula, and there are no delimited factors that a court must consider when making a "best interest" determination. Rather, the trial court "may consider evidence introduced by any party," *In re Trejo Minors*, 462 Mich 341, 353 (2000), and if no "best interest" evidence is offered, the court may enter a finding "from evidence on the whole record . . . ." The record here, which included hearings, reports, and testimony, was more than sufficient, in my opinion, to allow the court to make a thoughtful and reasoned "best interest" determination. In particular, the majority faults the court for not considering the

children's placement with a relative. However, the proposition that a court must *always* consider placement with a relative before termination, even after grounds for termination have been established and "best interest" findings made, lacks grounding in the law, which contains no specific factors that a court must invariably consider in deciding a termination case. Rather, what is required is a case-by-case determination in accordance with the law, and that has occurred. While placement with a relative may in many instances constitute a relevant consideration in the "best interest" determination, the failure to consider it in a particular case does not necessarily preclude the court from determining that termination is in the children's "best interests." The primary beneficiary of the "best interest" determination is the child, *Trejo*, at 356, and when the child's best interests are clearly served by the termination of rights, the fact that they are then living with a relative does not in every instance undermine that determination.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2012

<span style="text-align:right">*Corbin R. Davis*</span>

Clerk

t0125